KEKER, VAN NEST & PETERS LLP
LEO L. LAM - # 181861
llam@keker.com
KATIE LYNN JOYCE - # 308263
kjoyce@keker.com
WILLIAM S. HICKS - # 256095
whicks@keker.com
JASMINE K. VIRK - # 347475
jvirk@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188

Attorneys for Plaintiff
COMCAST CABLE COMMUNICATIONS, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ACCELERATION BAY LLC,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT REGARDING NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NOS. 6,714,966; 6,732,147; 6,829,634; 6,910,069; AND 6,920,497.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Comcast Cable Communications, LLC ("Comcast") by and through its attorneys, alleges against Defendant Acceleration Bay LLC ("Acceleration Bay") as follows.

## NATURE OF THE ACTION

1. This declaratory-judgment action seeks a determination that Comcast does not infringe any claim of any of the following patents: U.S. Patent No. 6,714,966 ("the '966 patent"); U.S. Patent No. 6,732,147 ("the '147 patent"); U.S. Patent No. 6,829,634 ("the '634 patent"); U.S. Patent No. 6,910,069 ("the '069 patent"); or U.S. Patent No. 6,920,497 ("the '497 patent") (collectively, "the Acceleration Bay Patents").

2. In addition, Comcast seeks a declaratory judgment that the Acceleration Bay Patents are invalid under the Patent Laws of the United States of America, 35 U.S.C. § 1, *et seq.*, including but not limited to §§ 101, 102, 103, and 112.

## PARTIES

3. Plaintiff Comcast Cable Communications, LLC is a Delaware limited liability company with its principal place of business at One Comcast Center, 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103.  Comcast Cable is a leading provider of cable television, internet, telephone, and wireless mobile services to business and residential customers. Comcast Cable provides content delivery network (CDN) solutions designed to deliver online media at scale, including through its Comcast Technology Solutions (CTS) division.

4. On information and belief Defendant Acceleration Bay is a Delaware limited liability corporation with its principal place of business at 548 Market Street, PMB 84069, San Francisco, California 94104.  Acceleration Bay's business primarily involves asserting patents against successful allegedly practicing entities, like Comcast.

5. Acceleration Bay has filed at least five patent infringement actions asserting one or more of the Acceleration Bay Patents, including infringement actions in the District of Delaware against Amazon Web Services, Inc.; Electronic Arts, Inc.; Activation Blizzard, Inc.; Take-Two Interactive Software, Inc.; and 2K Sports, Inc.  During the course of prior litigation, including IPR proceedings and Federal Circuit appeals, dozens of claims of the Acceleration Bay Patents have been invalidated.  For example, in 2018 the Federal Circuit affirmed PTAB determinations

invalidating 22 claims from the '634 and '966 patents, Case No. 17-2084 (Fed Cir.), and invalidating all challenged claims from the '497 patent, Case No. 18-1123 (Fed. Cir.). In district court litigation, additional claims have been invalidated for indefiniteness under Section 112 or patent-ineligibility under Section 101. *See, e.g., Acceleration Bay LLC v. Activision Blizzard, Inc.*, 324 F. Supp. 3d 470, 478-79, 487 (D. Del. 2018) (claims 19 and 22 of the '634 patent indefinite and ineligible; claims 11, 15, and 16 of the '147 patent directed to patent-ineligible material). Acceleration Bay nonetheless threatens Comcast with the "surviving claims" from these same patents.

6. In prior litigation involving the Acceleration Bay Patents, multiple defendants have also secured dismissal based on determinations of non-infringement. For example, in *Acceleration Bay v. Take-Two Interactive Software, Inc.*, the Court granted summary judgment of non-infringement on all asserted Acceleration Bay Patents, including the '147, '497, '966, and '069 patents. *See Acceleration Bay LLC v. Take-Two Interactive Software, Inc.*, 612 F. Supp. 3d 408, 422 (D. Del. 2020). Similarly, in Acceleration Bay's infringement action against Electronic Arts, the Court granted summary judgment of non-infringement on all asserted Acceleration Bay Patents, including the '634, '147, '966, and '497 patents. *See Acceleration Bay LLC v. Elec. Arts Inc.*, No. 1:16-CV-00454-RGA, 2019 WL 1376036, at *7 (D. Del. Mar. 27, 2019); *Acceleration Bay LLC v. Elec. Arts Inc.*, No. CV 16-454-RGA, 2022 WL 6113889, at *6 (D. Del. Oct. 7, 2022).

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because Comcast's claims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. With respect to Comcast's declaratory-judgment claims, for the reasons set forth herein, there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the alleged infringement and invalidity of the Acceleration Bay Patents.

8. This Court has personal jurisdiction over Acceleration Bay. On information and

belief, Acceleration Bay's principal place of business is located within this District. In addition, the Court has personal jurisdiction over Acceleration Bay because it has established minimum contacts with this forum, including by sending demand letters to Comcast from this District, and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this jurisdiction under 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND

**I.      The Acceleration Bay Patents**

10. On information and belief, Acceleration Bay owns and/or controls all substantial rights in the '966 patent, which is entitled "Information Delivery Service" and which issued on March 30, 2004. A true and correct copy of the '966 patent is attached as **Exhibit A** to this Complaint.

11. On information and belief, Acceleration Bay owns and/or controls all substantial rights in the '147 patent, which is entitled "Leaving a Broadcast Channel" and which issued on May 4, 2004. A true and correct copy of the '147 patent is attached as **Exhibit B** to this Complaint.

12. On information and belief, Acceleration Bay owns and/or controls all substantial rights in the '634 patent, which is entitled "Broadcasting Network" and which issued on December 7, 2004. A true and correct copy of the '634 patent is attached as **Exhibit C** to this Complaint.

13. On information and belief, Acceleration Bay owns and/or controls all substantial rights in the '069 patent, which is entitled "Joining a Broadcast Channel" and which issued on June 21, 2005. A true and correct copy of the '069 patent is attached as **Exhibit D** to this Complaint.

14. On information and belief, Acceleration Bay owns and/or controls all substantial rights in the '497 patent, which is entitled "Connecting a Broadcast Channel" and which issued on July 19, 2005. A true and correct copy of the '497 patent is attached as **Exhibit E** to this Complaint.

## II. Acceleration Bay's Threats Regarding Alleged Infringement of the Acceleration Bay Patents

15. In a series of pre-suit communications, Acceleration Bay, through its CEO, Joe Ward, has accused Comcast of infringing the Acceleration Bay Patents based on the purported operation and capabilities of Comcast's Content Delivery Network relating to broadcasting data across a network, including its associated network infrastructure and video distribution platforms (hereinafter the "Accused Products").

16. On March 4, 2019, Acceleration Bay, through Mr. Ward, sent a letter by overnight mail from an address in this District to Comcast Corporation's Vice President of Intellectual Property accusing Comcast of infringing each of the Acceleration Bay Patents. A true and accurate copy of the March 2019 infringement letter is attached hereto as **Exhibit F** and is incorporated herein in its entirety by reference.

17. In the March 2019 infringement letter, Acceleration Bay asserted that its supposed analysis of "Comcast's distributed Content Delivery Network ('CDN') indicates direct use of Acceleration Bay patented technology" and, on that basis, claimed that Comcast was "required" to take a license. *Id*. at 1. Acceleration Bay's only purported support for its infringement allegations was a high-level diagram that it claimed, without explanation, "assists us in understanding how the Comcast Technology Solutions implements its CDN service as well as the core components that support the CDN service." *Id*. at 2.

18. On May 9, 2019, Comcast's Patent Counsel sent a responsive letter to Acceleration Bay explaining that it was in no position to evaluate the allegations, let alone discuss licensing scenarios, because Acceleration Bay's March 2019 infringement letter had provided only a generic discussion of the listed patents, without providing claim charts or other detailed information supporting its infringement positions. To enable a meaningful response, Comcast asked Acceleration Bay to provide evidence, including detailed claim charts, supporting its allegations. But Comcast did not hear from Acceleration Bay or Mr. Ward again for more than six years.

19. On August 29, 2025, after more than six years of silence since Comcast's May 2019 response, Acceleration Bay, through Mr. Ward, sent an email to Comcast purporting to

"follow-up to Comcast's 2019 correspondence." A true and accurate copy of an email string that includes Mr. Ward's email, and Comcast's response thereto, is attached hereto as **Exhibit G** and is incorporated herein in its entirety by reference.

20. In Mr. Ward's August 2025 email, Acceleration Bay repeated its allegations that Comcast infringes the Acceleration Bay Patents and amplified its threats of litigation. Acceleration Bay asserted that Comcast's exposure to the Acceleration Bay Patents, "at the low end," and applying a supposed "established" royalty rate only to Peacock and Xfinity Stream, "runs into the hundreds of millions of dollars." Ex. G. "At the high end," given "Comcast's broadband network and system wide distribution model," Acceleration Bay asserted that Comcast's "exposure scales into the billions, before considering willfulness." *Id*. Acceleration Bay also stated that the Acceleration Bay Patents had survived various IPR challenges and that juries in two other cases not involving Comcast had found infringement. Despite its bellicose demands, Acceleration Bay provided nothing to support its allegations of infringement. Although Mr. Ward represented that Acceleration Bay had prepared claim charts supposedly "mapping Comcast's systems—including network infrastructure and video distribution platforms—line by line against the surviving claims," he failed to provide any such charts with his email. *Id*.

21. On September 5, 2025, Comcast's counsel responded to Mr. Ward's August 2025 email, noting that in the more than six years since its last correspondence all Acceleration Bay Patents had expired, that numerous claims had been invalidated, that prior litigation concerning the Acceleration Bay Patents had resulted in summary judgment of non-infringement, that Acceleration Bay's claimed royalty rate was baseless, and that Acceleration Bay still had not provided any evidence supporting its infringement allegations. *See* Ex. G. Comcast once again invited Acceleration Bay to send detailed claim charts and all other supporting evidence so that Comcast could properly consider Acceleration Bay's allegations, but as of the filing of this Complaint, Acceleration Bay has not responded.

22. Accordingly, there is a substantial and immediate controversy between the parties concerning whether the Accused Products infringe or have infringed the Acceleration Bay Patents, and whether the Acceleation Bay Patents are valid.

23. Comcast, directly and through operating subsidiaries, has operated, marketed, and/or sold one or more of the accused products and services, and will continue to operate, market, and/or sell one or more of the Accused Products in various markets across the United States, including in this district. Given this substantial and immediate controversy, Comcast seeks declaratory relief from this Court concerning its non-infringement of the Acceleration Bay Patents and concerning whether the Acceleration Bay Patents are valid.

## DIVISIONAL ASSIGNMENT

24. Pursuant to Civil Local Rule 3-5(b), Comcast states that it is not aware of any basis for assignment to a particular location or division of the Court.

## COUNT I

**(Declaration of Non-Infringement of U.S. Patent No. 6,714,966)**

25. Comcast repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

26. Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '966 patent, including claim 12.

27. For instance, the Accused Products do not infringe and have not infringed claim 12 of the '966 patent, among other reasons, because they do not practice the requirement that "the network is m-regular, where m is the exact number of neighbor participants of each participant." In prior litigation concerning the '966 patent, the court construed "network is m-regular" as "a state that the network is configured to maintain, where each participant is connected to exactly m neighbor participants." *Acceleration Bay, LLC v. Amazon Web Servs., Inc.*, No. CV 22-904-RGA, 2023 WL 6929362, at *2 (D. Del. Oct. 19, 2023). The Accused Products do not satisfy the m-regular limitation because the network is not configured to maintain a state where each participant is connected to exactly m neighbor participants.

28. Moreover, Comcast does not indirectly infringe any claim of the '966 patent. For example, the Accused Products do not indirectly infringe asserted claim 12 of the '966 patent, either contributorily or by active inducement, because they do not perform each and every

element of that claim, for at least the reasons set forth above with respect to no underlying direct infringement.  Moreover, Comcast does not indirectly infringe asserted claim 12 of the '966 patent because it has a good faith belief that claim 12 is invalid and not infringed.

29.     Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and Acceleration Bay relating to the non-infringement of the '966 patent.  Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## COUNT II
### (Declaration of Invalidity of U.S. Patent No. 6,714,966)

30.     Comcast repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

31.     The claims of the '966 patent are invalid for failure to comply with one or more of the conditions of patentability under Title 35 of the United States Code and related judicial doctrines, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

32.     For instance, the claims of the '966 patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 in light of the relevant prior art that disclose each claim element prior to the effective filing date of the '966 patent.  As one example, and without limitation, the claims of the '966 patent (including at least claim 12) are rendered obvious by the combination of U.S. Patent No. 4,797,882 ("'882 Maxemchuk"); "Regular Mesh Topologies in Local and Metropolitan Area Networks" by N. F. Maxemchuk, in AT&T Technical Journal, vol. 64, no. 7, pp. 1659-1685, Sept. 1985 ("ATT Maxemchuk"); P.C.T. Patent Application No. 1998/027694 ("Hughes"); and "Inside DirectX" by B. Bargen and P. Donnelly, Microsoft Press (1998) ("Inside DirectX").  As an additional nonlimiting example, the claims of the '966 patent (including at least claim 12) are rendered obvious by the combination of "Configurable Collaborative Server Architecture: Structural Design and Network Management" by Yi Du, Johns Hopkins University Ph.D. dissertation, published by University Microfilms International ("Du"); Hughes; U.S. Patent No. 6,049,823 ("Hwang"); and U.S. Patent No.

5,987,376 ("Olson").  Each of these references is prior art to the '966 patent, and a person of ordinary skill in the art at the time of the alleged invention would have been motivated to combine their teachings.

33. Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and Acceleration Bay relating to the validity of the '966 patent.  Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## COUNT III
**(Declaration of Non-Infringement of U.S. Patent No. 6,732,147)**

34. Comcast repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '147 patent, including claim 6.

36. For instance, the Accused Products do not infringe and have not infringed claim 6 of the '147 patent, among other reasons, because they do not practice the requirement of "having a third computer not already connected to said first computer respond to said connection port search message in a manner as to maintain an m-regular graph."  In prior litigation concerning the '147 patent, the court construed "in a manner as to maintain an m-regular graph" as "a state that the network is configured to maintain, where each participant is connected to exactly m neighbor participants." *Amazon Web Servs., Inc.*, 2023 WL 6929362, at *2.  The Accused Products do not satisfy the m-regular limitation because the network is not configured to maintain a state where each participant is connected to exactly m neighbor participants.

37. Moreover, Comcast does not indirectly infringe any claim of the '147 patent.  For example, the Accused Products do not indirectly infringe asserted claim 6 of the '147 patent, either contributorily or by active inducement, because they do not perform each and every element of that claim, for at least the reasons set forth above with respect to no underlying direct

infringement. Moreover, Comcast does not indirectly infringe asserted claim 6 of the '147 patent because it has a good faith belief that claim 6 is invalid and not infringed.

38. Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and Acceleration Bay relating to the non-infringement of the '147 patent. Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## COUNT IV

### (Declaration of Invalidity of U.S. Patent No. 6,732,147)

39. Comcast repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40. The claims of the '147 patent are invalid for failure to comply with one or more of the conditions of patentability under Title 35 of the United States Code and related judicial doctrines, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

41. For instance, the claims of the '147 patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 in light of the relevant prior art that disclose each claim element prior to the effective filing date of the '147 patent. As one example, and without limitation, the claims of the '147 patent (including at least claim 6) are rendered obvious by the combination of '882 Maxemchuk; ATT Maxemchuk; Hughes; and U.S. Patent No. 5,146,452 ("Pekarske"). Each of these references is prior art to the '147 patent, and a person of ordinary skill in the art at the time of the alleged invention would have been motivated to combine their teachings.

42. Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and Acceleration Bay relating to the validity of the '147 patent. Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## COUNT V

**(Declaration of Non-Infringement of U.S. Patent No. 6,829,634)**

43. Comcast repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

44. Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '634 patent, including claim 10.

45. For instance, the Accused Products do not infringe and have not infringed claim 10 of the '634 patent, among other reasons, because they do not practice the requirement of "wherein the network is m-regular and m-connected, where m is the number of neighbor participants of each participant." In prior litigation concerning the '634 patent, the court construed "network is m-regular" as "a state that the network is configured to maintain, where each participant is connected to exactly m neighbor participants." *Amazon Web Servs., Inc.*, 2023 WL 6929362, at *2. The Accused Products do not satisfy the m-regular limitation because the network is not configured to maintain a state where each participant is connected to exactly m neighbor participants.

46. Moreover, Comcast does not indirectly infringe any claim of the '634 patent. For example, the Accused Products do not indirectly infringe asserted claim 10 of the '634 patent, either contributorily or by active inducement, because they do not perform each and every element of that claim, for at least the reasons set forth above with respect to no underlying direct infringement. Moreover, Comcast does not indirectly infringe asserted claim 10 of the '634 patent because it has a good faith belief that claim 10 is invalid and not infringed.

47. Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and Acceleration Bay relating to the non-infringement of the '634 patent. Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## COUNT VI

**(Declaration of Invalidity of U.S. Patent No. 6,829,634)**

48. Comcast repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49. The claims of the '634 patent are invalid for failure to comply with one or more of the conditions of patentability under Title 35 of the United States Code and related judicial doctrines, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

50. For instance, the claims of the '634 patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 in light of the relevant prior art that disclose each claim element prior to the effective filing date of the '634 patent. As one example, and without limitation, the claims of the '634 patent (including at least claim 10) are rendered obvious by the combination of '882 Maxemchuk, ATT Maxemchuk, Hughes, and Inside DirectX. As an additional nonlimiting example, the claims of the '634 patent (including at least claim 10) are rendered obvious by the combination of Du, Hughes, Hwang, and Olson. Each of these references is prior art to the '634 patent, and a person of ordinary skill in the art at the time of the alleged invention would have been motivated to combine their teachings.

51. Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and Acceleration Bay relating to the validity of the '634 patent. Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## COUNT VII

**(Declaration of Non-Infringement of U.S. Patent No. 6,910,069)**

52. Comcast repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53. Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '069 patent, including claim 1.

54. For instance, the Accused Products do not infringe and have not infringed claim 1 of the '069 patent, among other reasons, because they do not practice the requirement of "a computer-based, non-routing table based, non-switch based method for adding a participant to a network of participants, each participant being connected to three or more other participants." In prior litigation concerning the '069 patent, the court construed "network of participants, each participant being connected to three or more other participants" as "a network configured to maintain a state where each participant is connected to the same number of other participants, where the number is at least three." *Amazon Web Servs., Inc.*, 2023 WL 6929362, at *3-5. The Accused Products do not satisfy this limitation because the network is not configured to maintain a state where each participant is connected to the same number of other participants in the network, where the number is at least three.

55. Moreover, Comcast does not indirectly infringe any claim of the '069 patent. For example, the Accused Products do not indirectly infringe asserted claim 1 of the '069 patent, either contributorily or by active inducement, because it does not perform each and every element of that claim, for at least the reasons set forth above with respect to no underlying direct infringement. Moreover, Comcast does not indirectly infringe asserted claim 1 of the '069 patent because it has a good faith belief that claim 1 is invalid and not infringed.

56. Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and Acceleration Bay relating to the non-infringement of the '069 patent. Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## COUNT VIII
### (Declaration of Invalidity of U.S. Patent No. 6,910,069)

57. Comcast repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

58. The claims of the '069 patent are invalid for failure to comply with one or more of the conditions of patentability under Title 35 of the United States Code and related judicial

doctrines, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

59. For instance, the claims of the '069 patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 in light of the relevant prior art that disclose each claim element prior to the effective filing date of the '069 patent. As one example, and without limitation, the claims of the '069 patent (including at least claim 1) are rendered obvious by the combination of '882 Maxemchuk, ATT Maxemchuk, Hughes, and Pekarske. Each of these references is prior art to the '069 patent, and a person of ordinary skill in the art at the time of the alleged invention would have been motivated to combine their teachings.

60. Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and Acceleration Bay relating to the validity of the '069 patent. Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## COUNT IX
**(Declaration of Non-Infringement of U.S. Patent No. 6,920,497)**

61. Comcast repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

62. Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '497 patent, including claim 9.

63. For example, the Accused Products do not infringe and have not infringed claim 9 of the '497 patent, among other reasons, because the they do not practice at least the following claim limitations of claim 1, literally or under the doctrine of equivalents: "means for identifying the portal computer, the portal computer having a dynamically selected call-in port for communicating with other computers"; "means for identifying the call-in port of the identified portal computer by repeatedly trying to establish a connection with the identified portal computer through contacting a communications port or communications ports until a connection is successfully established"; "means for selecting the call-in port of the identified portal computer

using a port ordering algorithm"; and "means for re-ordering the communications ports selected by the port ordering algorithm." In prior litigation concerning the '497 patent, the court construed each of these elements as a means-plus-function element with a function and structure defined in the specification. *See Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. CV 16-453-RGA, 2017 WL 3738383 (D. Del. Aug. 29, 2017). The Accused Products do not practice any of these limitations, among other reasons, because they do not include the corresponding structures. As one example, the Accused Products do not practice a "means for selecting the call-in port of the identified portal computer using a port ordering algorithm" because they do not include "a processor programmed to perform the algorithm described in the '497 Patent at 11:60–12:12, which involves performing the steps of using a port ordering algorithm for selecting the call in port of the identified portal computer by using an algorithm that provides a sequence of port numbers." *Id*. at *6.

64.  Moreover, Comcast does not indirectly infringe any claim of the '497 patent. For example, the Accused Products do not indirectly infringe asserted claim 9 of the '497 patent, either contributorily or by active inducement, because it does not perform each and every element of that claim, for at least the reasons set forth above with respect to no underlying direct infringement. Moreover, Comcast does not indirectly infringe asserted claim 9 of the '497 patent because it has a good faith belief that claim 9 is invalid and not infringed.

65.  Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and Acceleration Bay relating to the non-infringement of the '497 patent. Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## COUNT X
### (Declaration of Invalidity of U.S. Patent No. 6,920,497)

66.  Comcast repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

67.  The claims of the '497 patent are invalid for failure to comply with one or more of

the conditions of patentability under Title 35 of the United States Code and related judicial doctrines, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

68. For instance, the claims of the '497 patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 in light of the relevant prior art that disclose each claim element prior to the effective filing date of the '497 patent. As one example, and without limitation, the claims of the '497 patent (including at least claim 9) are rendered obvious by the combination of Chad Yoshikawa, et al, "Using Smart Clients to Build Scalable Services," Proceedings of the 1997 USENIX Technical Conference (Jan. 1997); Om P. Damani, "ONE-IP: techniques for hosing a service on a cluster of machines," Computer Networks and ISDN Systems, No. 29, pp. 1019-27 (1997); David Karger, et al., "Web Caching with Consistent Hashing," WWW '99 Proceedings of the Eighth Int'l Conf. on World Wide Web (May 1999); and Matthew Naugle, NETWORK PROTOCOL HANDBOOK (McGraw-Hill 1994). Each of these references is prior art to the '497 patent, and a person of ordinary skill in the art at the time of the alleged invention would have been motivated to combine their teachings.

69. Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and Acceleration Bay relating to the validity of the '497 patent. Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## REQUEST FOR RELIEF

WHEREFORE, Comcast respectfully requests that this Court enter judgment in its favor and against Acceleration Bay and grant the following relief:

1. A declaratory judgment that:

    a. Comcast has not infringed, willfully infringed, induced others to infringe, or contributed to the infringement of any claim of the Acceleration Bay Patents; and

    b. the claims of the Acceleration Bay Patents are invalid;

2. A determination that this is an exceptional case under 35 U.S.C. § 285;

3. An award of reasonable costs and attorneys' fees; and

4. Any other and further relief that this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Comcast demands a trial by jury on all issues so triable.

Dated: September 26, 2025                              KEKER, VAN NEST & PETERS LLP

                                                By:    /s/ *Leo L. Lam*
                                                       LEO L. LAM
                                                       KATIE LYNN JOYCE
                                                       WILLIAM S. HICKS
                                                       JASMINE K. VIRK

                                                       Attorneys for Plaintiff
                                                       COMCAST CABLE
                                                       COMMUNICATIONS LLC

16
COMPLAINT FOR DECLARATORY JUDGMENT
Case No.
3078614